IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RODNEY ALLEN,

    Plaintiff,

  v.

AVT EVENT TECHNOLOGIES, INC., et al.,

    Defendants.

No. C-13-1922 MMC

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANT AVT'S ANSWER; AFFORDING AVT LEAVE TO FILE AMENDED ANSWER; VACATING HEARING**

Before the Court is plaintiff Rodney Allen's ("Allen") "Motion to Strike Defendant AVT's Answer, or in the Alternative to Strike Individual Defenses," filed May 20, 2013. Defendant AVT Event Technologies, Inc. ("AVT") has filed opposition, to which Allen has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for June 28, 2013, and rules as follows.

## BACKGROUND

In his complaint, Allen alleges six causes of action. In the first cause of action, Allen alleges AVT breached the terms of an employment agreement by terminating Allen's employment "in violation of [a] one-year guarantee." (See Compl. ¶ 26.) In the second, third, fourth, and fifth causes of action, titled, respectively, "Intentional Misrepresentation," "Negligent Misrepresentation," "Fraudulent Concealment," and "False Promise," Allen

alleges AVT made false statements to induce Allen to enter into the employment agreement. (See Compl. ¶¶ 27, 29, 32, 34.) In the sixth, and final, cause of action, Allen alleges AVT, after being advised that Allen's wife was expecting twins, terminated Allen's employment, in violation of the California Family Rights Act, to avoid having to afford Allen a leave of absence upon their birth. (See Compl. ¶¶ 39, 41.) Prior to removing the action to district court on the basis of diversity of citizenship, AVT filed an answer in state court. In its answer, AVT denied "all of the allegations contained in [Allen's] complaint" (see Answer at 1:19-20),[1] and alleged fifty-three affirmative defenses.

## DISCUSSION

By the instant motion, Allen argues AVT's answer is not pleaded in conformity with Rule 8 of the Federal Rules of Civil Procedure and, consequently, should be stricken.

At the outset, the Court addresses AVT's assertion, made in its opposition, that state pleading rules, rather than Rule 8, are applicable, because the answer was filed prior to removal. Contrary to AVT's argument, federal procedural rules, including Rule 8, apply after a removal. See Fed. R. Civ. P. 81(c)(1). Further, although a defendant is not required to "replead[ ]" an answer upon the filing of a notice of removal, a defendant is required to amend if "the court orders it." See Fed. R. Civ. P. 81(c)(2). Here, by the instant motion, Allen argues the Court should so order.

The Court next turns to Allen's motion.

Allen first argues that AVT's denial of all factual allegations in Allen's complaint is improper under Rule 8 and that AVT should be required to address each factual allegation separately rather than by a general denial. Under Rule 8, however, a defendant may "deny all the allegations of a pleading," provided it has a "good faith" basis for doing so. See Fed. R. Civ. P. 8(b)(3). Although Allen contends AVT "cannot possibly deny all of the allegations in the [c]omplaint" (see Pl.'s Mot. at 4:4-5), the Court is not in a position to determine at the pleading stage whether AVT does or does not have a good faith basis for

---

[1] AVT's answer is filed as Exhibit E to the Declaration of Edward Garcia In Support of Notice of Removal of Action.

filing its answer in such manner.

Allen next argues the section of the answer titled "Affirmative Defenses" is not pleaded in conformity with Rule 8, and, consequently, should be stricken. See Fed. R. Civ. P. 12(f) (providing "court may strike from a pleading an insufficient defense"). The Court agrees. As Allen points out, the answer includes no factual allegations in support of any of the fifty-three "affirmative defenses," but, rather, consists entirely of legal conclusions. See Barnes v. AT&T Pension Benefit Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (holding "defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of the defense"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding, in context of challenge to adequacy of complaint, "legal conclusions" in pleading "must be supported by factual allegations" to comply with Rule 8). To the extent AVT argues it should be allowed to initially plead all "potentially applicable" affirmative defenses without factual support, in order to avoid waiving such defenses (see Def.'s Response to Pl.'s Mot., filed June 3, 2013, at 4:1-5), the Court disagrees. If, at the present time, AVT lacks the ability to set forth facts to support an affirmative defense but later obtains such facts during the course of discovery or otherwise, it can seek leave to amend its answer. See Barnes, 718 F. Supp. 2d at 1173 (observing defendant can seek leave to amend "at such time as the defendant becomes aware of facts tending to show the plausibility of additional defenses . . ., provided that [the] defendant exercises diligence in determining such facts"). Indeed, under some circumstances, a party may do so as late as the time of trial. See Fed. R. Civ. P. 15(b)(1) (setting forth circumstances under which court may permit amendment during trial).

Lastly, Allen argues that a number of the asserted "affirmative defenses" are not, in fact, affirmative defenses and should be stricken for that reason. Again, the Court agrees. Many of the "affirmative defenses" constitute an assertion that Allen cannot establish one or more elements of his claims, for example, the "affirmative defenses" titled "Failure to State a Claim," "Causation," "Employer's Actions Justified," "Lack of Proximate Cause," "No Attorney's Fees," "Failure to Plead Elements of Contract," "No Compensation Owed to

Plaintiff," "No Implied in Fact Contract," "Not Member of a Protected Class," "Contractual At-Will Employment," "No Implied Contract," and "No Employment Relationship."[2] See Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."); Barnes, 718 F. Supp. 2d at 1173-74 (N.D. Cal. 2010) (striking "affirmative defenses" that "simply provide a basis to negate an element of [the plaintiff's] prima facie case for relief"; finding such "affirmative defenses" are "merely rebuttal against the evidence [to be] presented by the plaintiff").

Accordingly, the motion will be granted to the extent it seeks an order striking the "Affirmative Defenses" section of the answer and denied to the extent it seeks an order striking AVT's denial of all factual allegations in the complaint.

Further, as amendment of the "Affirmative Defenses" section would not necessarily be futile, the Court will afford AVT leave to amend to cure the deficiencies noted. See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998) (citing "general rule" that leave to amend following dismissal of pleading should be afforded unless "any amendment would be an exercise in futility"). In amending, however, AVT shall include in the "Affirmative Defenses" section only those defenses that are affirmative in nature. See Barnes, 718 F. Supp. at 1173 (defining "affirmative defense" as defense that "precludes liability even if all of the elements of the plaintiff's claim are proven").

**CONCLUSION**

For the reasons stated above, Allen's motion is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent the motion seeks an order striking the "Affirmative Defenses" section of AVT's answer, the motion is GRANTED.

---

[2] The above list is not intended to be exclusive. Given the lack of any factual allegations to provide notice as to the nature of the other "affirmative defenses," e.g., those titled "Privilege" and "Business Judgment Rule," the Court is unable to determine whether additional "affirmative defenses" likewise challenge only Allen's ability to establish his claims in the first instance.

1	2. In all other respects, the motion is DENIED.

2	3. AVT's amended answer, if any, shall be filed no later than July 3, 2013.

**IT IS SO ORDERED.**

Dated:  June 20, 2013

_____
MAXINE M. CHESNEY
United States District Judge